**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MELVIN STANLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 10-CV-705-JHP-PJC |
| | ) |
| MIKE ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate, filed his *pro se* petition (Dkt. # 1) on November 2, 2010. On December 8, 2010, Respondent filed a response (Dkt. # 5) and provided the state court record for resolution of Petitioner's claims. See Dkt. #s 5, 6, and 7. On February 7, 2011, Petitioner filed a *pro se* reply (Dkt. # 11). That same day, attorney Amy L. McTeer entered her appearance on behalf of Petitioner. She also filed an "amended application for extension of time to file reply brief and application to amend original petition for habeas corpus" (Dkt. # 12). By Order filed February 18, 2011 (Dkt. # 14), the Court allowed counsel for Petitioner 90 days within which to file a supplemental reply. The Court also allowed counsel for Petitioner to file an amended petition "within the time remaining in the one-year limitations period, if any." See Dkt. # 14. Counsel was specifically advised that the "amended petition must comply with both the exhaustion requirement applicable to claims raised in a habeas petition, see 28 U.S.C. § 2254(b),(c), and the statute of limitations imposed on claims raised in a habeas petition, see 28 U.S.C. § 2244(d)." Id. On April 19, 2011, counsel for Petitioner filed an amended petition (Dkt. # 15). In response to the amended petition, Respondent filed a motion to dismiss (Dkt. # 17), alleging that the amended petition is a "mixed petition," containing unexhausted claims. Petitioner

did not file a response to the motion to dismiss. For the reasons discussed below, the Court finds the petition is a "mixed petition," subject to dismissal without prejudice for failure to exhaust state remedies. However, the Court finds Petitioner should be afforded the opportunity to file a second amended petition containing only exhausted claims and deleting unexhausted claims.

*BACKGROUND*

The record reflects that in Tulsa County District Court, Case No. CF-2007-4134, Petitioner was convicted by a jury of First Degree Manslaughter (Count 1), Unlawful Possession of a Controlled Drug (Marijuana) (Count 3), and Driving With a Suspended License (Count 4). The trial court dismissed Count 5, Failure to Carry Insurance/Security Verification Form. The jury found Petitioner not guilty of Count 2, Manslaughter in the First Degree (unborn child). On December 15, 2008, the trial court sentenced Petitioner in accordance with the jury's recommendation to thirty (30) years imprisonment on Count 1, five (5) years imprisonment on Count 3, and thirty (30) days in custody on Count 4, with the sentences for Counts 3 and 4 ordered to be served concurrent to each other, but consecutive to the sentence for Count 1. Petitioner was represented at trial by attorney Keith Bergman.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Janet Chesley, raised the following six (6) propositions of error:

    Proposition I:    The admission of misleading, irrelevant, and unfairly prejudicial evidence denied Mr. Stanley a fair trial.

    Proposition II:    The evidence presented at Mr. Stanley's trial was insufficient to prove beyond a reasonable doubt that he possessed marijuana.

    Proposition III:    Second-stage errors deprived Mr. Stanley of a fair sentencing determination.

Proposition IV: Mr. Stanley was denied effective assistance of counsel in violation of his rights under the Sixth, and Fourteenth Amendments to the United States Constitution and Article II, §§ 7, 9, and 20 of the Oklahoma Constitution.

Proposition V: Mr. Stanley's sentence is excessive under the circumstances and should be modified.

Proposition VI: The accumulation of errors deprived Mr. Stanley of a fair trial and reliable verdict.

See Dkt. # 18, Ex. 1. In an unpublished Summary Opinion filed April 21, 2010, in Case No. F-2008-1246, the OCCA affirmed Petitioner's Judgments and Sentences. Id. Nothing before the Court indicates Petitioner sought *certiorari* review in the United States Supreme Court or post-conviction relief in the state courts.

As stated above, Petitioner commenced this habeas corpus action by filing his *pro se* petition on November 2, 2010. See Dkt. # 1. After entering her appearance for Petitioner, counsel filed an amended petition (Dkt. # 15). In the amended petition, Petitioner identifies his grounds for relief, as follows:

Ground One: Petitioner was denied effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article II of the Oklahoma Constitution.
1. Trial counsel failed to properly object to the admission of officer opinion regarding the marijuana absent proper testing.
2. Trial counsel failed to object to the State's injection of probation and parole policies and the suspended sentence admitted at trial and the Court of Appeals was guided to assume this was trial strategy without any evidence or consistency of strategy to support this assumption. If trial strategy was to mitigate Petitioner's past with regard to priors then counsel would have allowed defendant and/or character witnesses for defendant to testify at sentencing.
3. Trial counsel never advised Petitioner of any "trial strategy" that would require Petitioner to waive his right to testify or have witnesses called upon his behalf.

3

4. Counsel never advised Petitioner of his right to testify nor did counsel ever even give Petitioner the option to testify; hence Petitioner was deprived of Due Process and a fair trial in said matter. Petitioner never knowingly waived his right to testify in said matter.
5. Counsel never explained to Petitioner about his right to a bifurcated trial in said matter and Petitioner did not consent or knowingly waive this right.
6. Trial strategy of "mitigation" with regard to not objecting to the suspended sentences being admitted is not feasible as counsel never put on any mitigating evidence at the 2nd stage proceeding nor did counsel offer any mitigation at formal sentencing with regard to the priors.
7. Trial counsel failed to properly present any evidence regarding Petitioner's mitigation at sentencing and additionally no PSI was ordered nor were any witnesses called on Petitioner's behalf regarding his sentencing and mitigation of said sentence. (see copy of docket attached hereto as exhibit B).
8. Petitioner never waived his right to any PSI prior to sentencing.
9. Counsel failed to advise Petitioner of any rights he had for sentencing and failed to call witnesses at Petitioner's sentencing all of which falls below the standard counsel is to be held to for representation of said Petitioner.
10. Counsel failed to employ expert witnesses to support Petitioner in his defense of his trial and counsel failed to properly prepare and investigate the scene of the alleged crime in order to present a proper defense for Petitioner.

Ground Two: Second stage errors deprived Petitioner of a fair sentencing determination in violation of the United States Constitution.
1. The State introduced and the the [sic] Court allowed the admission of the exhibits into evidence and the Defense waived presentation of evidence which negates any claim or evidence of "trial strategy" regarding the violation of Petitioner's rights to a bifurcated trial.
2. The result of said act caused great prejudice toward the jurors' determination as it invoked and encouraged the jurors to speculate on probation and parole policies etc.
3. Absolutely no mitigating evidence was presented by Petitioner's counsel to support any "trial strategy" regarding this issue.

| | |
|---|---|
| Ground Three: | The evidence presented at Petitioner's trial was insufficient to prove the crime beyond a reasonable doubt in violation of U.S. Constitution Amendment 14.<br>1.    No testing was conducted to assure the substance was indeed marijuana. |
| Ground Four: | The admission of misleading, irrelevant, and unfairly prejudicial evidence denied Petitioner of a fair trial.<br>1.    Evidence of other bad acts such as the possession of a green leafy substance that was never even tested to definitively determine if it was marijuana resulted in the jury being misled to connect the crime with the possibility of the possession of marijuana. The result of this admission resulted in unfair prejudice outweighing any probative value.<br>2.    The Court allowed a presumptive test into evidence that was merely a preliminary test and not dispositive nor accurate to determine the issues of fact before the jury. The admission of this preliminary test served no other purpose than to mislead and prejudice the jury. The jury was prompted to be predisposed in their minds regarding Defendant's guilt by the admission of this evidence and other acts by Defendant.<br>3.    The admission of probation on a drug case in second stage also resulted in unfair prejudice with regard to Petitioner's sentence in said case. |
| Ground Five: | Petitioner's sentence is excessive under the circumstances and should be modified.<br>1.    The circumstances in this case do not warrant such a large sentence that was given Petitioner. The fact that the victim in this case had already wrecked her car and was wondering [sic] onto a dark road is evidence of the pure accidental nature of this crime by Petitioner.<br>2.    Absolutely no evidence was presented that Petitioner was driving recklessly and but for presumptive testing of his blood a crime would not be warranted in this situation as the victim in this case was stumbling into a dark roadway after her own potentially fatal and injurious car wreck. Nor was any evidence presented that Petitioner would have under any circumstances been able to avoid said accident. |
| Ground Six: | The accumulation of errors deprived Mr. Stanley of a fair trial and a reliable verdict. |

> 1. All of the errors cited to in the above grounds and propositions taken as a whole denied Petitioner of a fair trial in said matter.
> 2. Collectively considered these errors were certainly not harmless to Defendant at trial and sentencing.

See Dkt. # 15. In response, Respondent argues that the amended petition is a "mixed petition" and should be dismissed without prejudice for failure to exhaust state remedies. See Dkt. #s 17, 18.

*ANALYSIS*

The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991). To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). To satisfy the exhaustion requirement, a prisoner must afford the state court the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim," Picard, 404 U.S. at 277 (quotation omitted; brackets in original), which entails presentation both of the facts on which he bases his claim and the constitutional claim itself. Wilson v. Workman, 577 F.3d 1284, 1292 (10th Cir. 2009) (citations omitted).

In the motion to dismiss for failure to exhaust state court remedies, Respondent asserts that eight (8) of Petitioner's ten (10) claims of ineffective assistance of trial counsel identified in ground one of the amended petition are unexhausted. The Court agrees.[1] In his brief on direct appeal, Petitioner argued that trial counsel provided ineffective assistance in failing to object to (1) improper admission of testimony regarding the results of a presumptive test for the presence of THC in Petitioner's blood, (2) police officers' testimony that the "green leafy substance" found in Petitioner's car was marijuana without first subjecting the material to forensic testing, and (3) the State's injection of probation and parole policies into the case. See Dkt. # 18, Ex. 1 at 20. In his amended habeas petition (Dkt. # 15), only the first two instances of ineffective assistance of counsel identified by Petitioner were raised on direct appeal and are, therefore, exhausted. However, instances 3-10 of ground one were not raised on direct appeal and have not been fairly presented to the OCCA. Thus, those claims of ineffective assistance of counsel are unexhausted. See Dkt. # 18, Ex. 1. Furthermore, Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief. Therefore, the instant petition is a "mixed petition," containing both

---

[1] The Court further notes that counsel for Petitioner repeats factual allegations under more than one heading, thereby expanding several other grounds of error beyond what was raised on direct appeal. For example, ground two has been expanded from the claim raised on direct appeal to include a claim that Petitioner's second stage sentencing proceeding was marred by counsel's failure to present mitigating evidence. That claim is one of the unexhausted claims raised in ground one. Similarly, ground four has been expanded to include claims that admission of evidence of Petitioner's possession of a green leafy substance was prejudicial and that admission of evidence reflecting suspended sentences during second stage was unfairly prejudicial. Those claims are the focus of ground three, challenging the sufficiency of the evidence supporting the possession of marijuana conviction, and ground two, alleging that the second stage sentencing proceeding was unfair. Counsel is cautioned that to the extent the expansion of grounds two and four require application of different constitutional standards or are based on facts not alleged on direct appeal, the expanded portions of the claims are unexhausted. Grounds three, five, and six as identified in the amended petition were raised on direct appeal and are exhausted.

exhausted claims and unexhausted claims, and is subject to dismissal without prejudice. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statue of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275.

In the instant case, Petitioner filed his petition for writ of habeas corpus prior to expiration of the one-year limitations period. However, the pendency of this federal action does not serve to toll the limitations period. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statue of limitations is not tolled during the pendency of a federal petition). As a result, if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claims by the § 2244(d) limitations period.[2]

---

[2] Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on July 20, 2010, or 90 days after the OCCA affirmed his conviction on direct appeal on April 21, 2010, when the period for seeking *certiorari* review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on July 21, 2010, and his deadline for filing a timely petition for writ of habeas corpus was July 21, 2011. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was filed November 2, 2010, or before the deadline. However, the deadline has now passed. As a result, if this amended petition were dismissed, any effort by Petitioner to return to federal court after exhausting state remedies may be time barred since the one-year limitations period expired during the pendency of this action.

Although the Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his claims, Rhines, 544 U.S. at 276, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Counsel for Petitioner did not file a response to the motion to dismiss. In addition, the Court cautioned counsel to raise only exhausted claims in the amended petition. See Dkt. # 14. Nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his amended petition. For that reason, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file a second amended petition to delete the unexhausted claims and to proceed with the exhausted claims. See Rhines, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims identified in the amended petition that were raised on direct appeal, he may, within twenty-one (21) days of the entry of this Order, file a second amended petition raising only his exhausted claims and deleting his unexhausted claims. If Petitioner fails to file a second amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's amended petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2.  Within twenty-one (21) days of the entry of this Order, Petitioner may file a second amended petition containing only exhausted claims and deleting the unexhausted claims, as identified herein. If Petitioner files a second amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.

3.  Should Petitioner fail to file a second amended petition within twenty-one (21) days of the entry of this Order, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the amended petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

DATED THIS 23rd day of August 2011.

James H. Payne
United States District Judge
Northern District of Oklahoma